WILLIAM W. JONES

v.

THOMAS MILLS ET AL.

ALDERMEN—QUALIFICATION FOR OFFICE—RESIDENCE.—The charter of the town of Flora, section two, provides that the board of aldermen shall consist of two members from each ward, and by section three it was provided that no person should be elected alderman unless he shall have previously resided in the town for one year, etc. *Held*, that a residence in the ward for which he was elected was not a necessary qualification of one elected to the board of aldermen.

Jones v. Mills.

APPEAL from the Circuit Court of Clay county; the Hon.
WILLIAM C. JONES, Judge, presiding.    Opinion filed Sep-
tember 29, 1882.

Mr. RUFUS COPE, for appellant; as to the rule of construc-
tion where one statute is general and another special, cited
Eldridge v. Pierce, 90 Ill. 474; Long v. Culp, 14 Kan. 412;
Ryan v. State, 5 Neb. 276; Petty v. Solly, 26 Beav. 606;
Cleveland v. State Bank, 10 Ohio St. 236; Watkins v. Was-
sell, 20 Ark. 410; Perkins v. Thornborough, 10 Cal. 189; Felt
v. Felt, 19 Wis. 193; State v. Goetze, 22 Wis. 363; Farmers'
Bank v. Hale, 59 Ill. 53.

Except by provision of the charter, an officer is not required
to be a resident of the town: State v. Blanchard, 6 La. 515;
State v. Swearingen, 12 Ga. 23.

The question may be reviewed by certiorari: 1 Dillon on
Municipal Corporations, § 368; 2 Dillon on Municipal Cor-
porations, § 740; Miller v. Trustees, 88 Ill. 26.

Mr J. C. ALLEN, for appellee.

CASEY, J.   Appellant claims that he was, on the 16th day
of March, 1882, elected an alderman from the third ward in
the town of Flora, Clay county, Illinois.   That the mayor
and town council of the said town of Flora refused to recog-
nize him as an alderman from the said ward because at the
time of the election he was not a resident of said ward.   Ap-
pellant filed a petition for a writ of certiorari, and by agree-
ment the cause was heard in the Circuit Court of Richland
county, when a judgment was rendered in favor of appellees.
It is admitted that appellant received a majority of the votes
cast by the legal voters residing in the third ward, and it is
also admitted that appellant at the time of the election was a
resident of the town of Flora, but not a resident of, or resid-
ing in the third ward.   The only question for determination
in this case is whether under this state of facts, appellant may
be an alderman from said ward.   This question is to be de-
termined by an examination of the charter of said town.
The charter of the town of Flora is a public law.   The follow-

ing sections of Article 2 and Article 3 are the provisions having reference to this question: Article 2, Section 1. There shall be a town council, to consist of a mayor and a board of aldermen. Section 2. The board of aldermen shall consist of two members from each ward, to be chosen for two years, and until their successors are legally qualified. Section 3. No person shall be elected to the office of mayor or alderman, unless he shall have previously resided within the town one year immediately preceding his election, be a freeholder in said town, and have the necessary qualifications to vote for State officers, and whenever the mayor or any alderman shall remove from the town or cease to be a freeholder in said town his office shall be declared vacated. Section 5. The town council shall judge of the qualifications of its own members, and determine all contested elections under this act. The latter part of section 3, article 111, provides " that each alderman shall be elected by the voters of the ward which he is chosen to represent." Under these provisions of the charter a majority of the court hold that a residence in the ward is not a necessary qualification of an alderman, and that appellant was duly elected and should have been allowed to take and hold the office. The judgment of the writer hereof is, that the evident intention of the legislature was, that the alderman should reside in the ward he was chosen to represent. The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.